"**EXHIBIT A**"
**INDEX OF MATTERS BEING FILED**

1)     <u>ALL EXECUTED PROCESS</u>
   i.   Notice of Service of Process on Corporation Service Company on behalf of Hilton Management LLC (incorrectly named Hilton Worldwide Inc. d/b/a Hilton Hotel Post Oak and d/b/a Doubletree Hotel Post Oak)

2)     <u>ALL PLEADINGS AND ANSWERS TO PLEADINGS</u>

   i.   Plaintiff's Original Petition
   ii.   Plaintiff's First Amended Petition
   iii.   Defendant Hilton Management LLC's Original Answer and Jury Demand
   iv.   Defendant Hilton Management LLC's First Amended Answer

3)     <u>ALL ORDERS SIGNED BY THE STATE JUDGE</u>

   i.   No Orders were rendered

4)     <u>STATE COURT DOCKET SHEET</u>

5)     <u>LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED</u>

**ATTORNEY FOR PLAINTIFF**
**JULIET OBIANUJU NWAMEME:**
    Patrick O. Chukelu
    State Bar No. TBN: 04241090
    Law Office of Patrick Chukelu
    9301 S.W. Freeway, Suite 250
    Houston, TX 77074
    Telephone: (713) 270-5533
    Facsimile: (713) 771-8303
    Email: chukelu@gmail.com

**ATTORNEY FOR DEFENDANT**
**HILTON MANAGEMENT LLC:**
    Gina A. Lucero
    State Bar No.: 00791144
    Federal Bar No.: 19949
    **Attorney-In-Charge**
    Lucero | Wollam, P.L.L.C.
    1776 Yorktown, Suite 100
    Houston, Texas 77056
    Telephone: (713) 225-3400
    Facsimile: (713) 225-3300
    Email: glucero@lucerowollam.com



**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number: 19436702**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Hilton Worldwide, Inc. |
| **Entity I.D. Number:** | 0000318 |
| **Entity Served:** | Hilton Worldwide Inc (d/b/a Hilton Hotel Post Oak) (d/b/a Double Tree Hotel Post Oak) (Corporation) |
| **Title of Action:** | Juliet Obianuju Nwameme vs. Hilton Worldwide Inc d/b/a Hilton Hotel Post Oak and a/b/a Doubletree Hotel Post Oak |
| **Document(s) type:** | Citation/Petition |

| | |
|---|---|
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2019-11729 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/28/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Patrick O. Chukelu
713-270-5533

**Primary Contact:**
Christina  Kang
Park Hotels & Resorts, Inc.

**Electronic copy provided to:**
Claudia Reyes (Park)
Megan Raker
Ashley Cypher (Park)

**NOTES:**
Scan matches original document. There are no missing pages.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882  |  sop@cscglobal.com**

This transmission is not a digital or electronic signature and cannot be used to form, document, or authenticate a contract. Hilton and its affiliates accept no liability arising in connection with this transmission. Copyright 2019 Hilton Proprietary and Confidential

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

| | |
|---|---|
| | RECEIPT NUMBER _____ 0.00 |
| | TRACKING NUMBER _____ 73593795 MTA |

CAUSE NUMBER    201911729

---

**PLAINTIFF:** NWAMEME, JULIET OBIANUJU
vs.
**DEFENDANT:** HILTON WORLDWIDE INC (D/B/A HILTON HOTEL POST OAK) (D/B/A DOUBLETREE

**In The** 80th
**Judicial District Court of**
**Harris County, Texas**

---

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: HILTON WORLDWIDE INC (D/B/A HILTON HOTEL POST OAK) (D/B/A DOUBLE TREE
   HOTEL POST OAK) (CORPORATION) BY SERVING ITS REGISTERED AGENT UNITED STATES
   CORP SYSTEM
   OR AT ANY ADDRESS DEFENDANTS AGENTS/PRINCIPALS/ OR OFFICERS MAY BE FOUND
   211  EAST 7TH STREET SUITE 620   AUSTIN  TX  78701

Attached is a copy of  <u>PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR RULE 194 DISCLOSURE.</u>
<u>FIRST REQUEST FOR ADMISSION AND FIRST REQUEST FOR PRODUCTION</u>

This instrument was filed on the ____15th____ day of ____February____ , 20__19__ , in the
above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___18th__ day of
____February____ , 20__19__ .

Issued at request of:
CHUKELU, PATRICK O.
9301  SW FRWY #250
HOUSTON, TX  77074
TEL: (713) 270-5533
Bar Number: 4241090

*Marl Burges*

**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

**Generated by:** ELDRIDGE, WALTER F  J8P//11162622

---

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____ , 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____ , _____ ,
                                                                    (STREET ADDRESS)                                                          (CITY)

in _____ County, Texas on the _____ day of _____ , 20_____, at _____ o'clock ___.M.,

by delivering to _____ , by delivering to its
                              (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____ , in person, whose name is _____ ,
   (REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                                  (DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL.")

and with accompanying copies of _____ .
                                                           (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____ , 20____.

FEE: $_____

By: _____
                    (SIGNATURE OF OFFICER)

Printed Name: _____

As Deputy for: _____

_____
**Affiant Other Than Officer**                                        (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

2/15/2019 2:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31242652
By: Miaeda Hutchinson
Filed: 2/15/2019 2:23 PM

# 2019-11729 / Court: 080

CAUSE NO. _____

| | | |
|---|---|---|
| JULIET OBIANUJU NWAMEME | * | IN THE DISTRICT COURT OF |
| | * | |
| | * | |
| VS. | * | HARRIS COUNTY, TEXAS |
| | * | |
| | * | |
| HILTON WORLDWIDE, INC. | * | |
| d/b/a HILTON HOTEL POST OAK and | * | |
| a/b/a DOUBLETREE HOTEL POST OAK | * | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S  ORIGINAL PETITION
### AND
### (ATTACHED:  REQUEST FOR RULE 194 DISCLOSURE, FIRST REQUEST FOR ADMISSION AND FIRST REQUEST FOR PRODUCTION)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Juliet Obianuju Nwameme , hereby complains of Hilton Worldwide, Inc. d/b/a Hilton Hotel Post Oak d/b/a Doubletree Hotel Post Oak, Defendant herein, and for cause of action would respectfully show the Court the following:

### PARTIES

1.     Plaintiff, Juliet Obianuju Nwameme, is a  resident of  Fort Bend County, Texas and can be contacted care of attorney of record at Plaintiffs' Counsel's  address at 9301 Southwest Freeway, Suite 250, Houston, Harris County, Texas.

2.     **Defendant, <u>Hilton Worldwide, Inc. d/b/a Hilton Hotel Post Oak d/b/a Doubletree Hotel Post Oak,</u> is a corporation doing business in Harris County, Texas wherein the cause of action arose and can be served by serving its  Registered Agent: <u>United States Corp. System, whose address is 211 East 7th Street, Suite 620, Austin, Texas  78701</u> or at any address Defendant's agents/principals/ or officers may be found.**

1

## VENUE AND JURISDICTION

3.     Defendant's lack of reasonable care in its operation of its (Houston) Hilton Post Oak Hotel hospitality business on or about April 14, 2018 wherein its employee poured a container of hot coffee on the seated invitee Plaintiff wedding guest, causing plaintiff grave injuries. Venue is proper in Harris County and this Court has Jurisdiction since the amount of damages sought is within the jurisdictional limit of this Court

## DISCOVERY CONTROL PLAN-LEVEL 2

4.     Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## RULE 194  DISCLOSURE REQUEST

5.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or materials described in Rule 194.2 (including all Insurance Coverage and Incident Report completed by Defendant's employee and/or agent on this incident).

## FACTS

6.     Defendant, Hilton Worldwide, Inc. d/b/a Hilton Hotel Post Oak d/b/a Doubletree Hotel Post Oak,   is believed to be the owner and operator of the Hilton Hotel Post Oak located at 2001 Post Oak Boulevard in Houston, Texas 77056. Defendant advertised and invited the public to come to its Hilton Hotel Post Oak for its  economic benefit. On or about April 14, 2018, Plaintiff was invited to attend a wedding anniversary that will be catered for at and by Hilton Hotel Post Oak.

7.     Plaintiff, as an Invitee, was directed to the designated Reception Hall by Defendant's Staff and duly sat in the arranged banquet table with other wedding guests.

8.     While Plaintiff was seated at the wedding reception, a Hilton Hotel Post Oak

2

Plaintiff's injuries that required medical care and intervention described in preceding paragraphs.

15. Defendant's Waiter's conscious indifference to the safety of the guests/invitees seated at this wedding reception proximately caused Plaintiff's injuries for which exemplary damages are applicable..

16. Defendant failed to properly train and/or supervise its employee waiter involved in the incident that injured Plaintiff. .

17. Defendant is responsible for the unreasonable and wanton conduct of its waiter-employee for which Defendant should be held liable since it occurred during the scope of the employee's duty in furtherance of Defendant's economic enterprise.

18. Defendant should be held liable to the Plaintiff and to the extent that Defendant is deemed reckless and wantonly in disregard of its Invitee's safety, punitive damages are requested for its reckless or intentional disregard of its Invitee's safety.

## DAMAGES

19.. Plaintiff has suffered damages as a result of Defendant's wrongful conduct and breach of duty owed Plaintiff (an Invitee) to its Hilton Hotel. Plaintiff seeks recovery of its incurred and paid medicals, pain, suffering and disfigurement (among all the damages accruing from this incident). Plaintiff seeks damages exceeding the minimum jurisdictional limit amount in this Court and any other damages that Plaintiff may be deemed entitled for Defendant's unreasonable (negligent and/or reckless) conduct plus punitive damages.

## TRCP 193.7 NOTICE

20. Please take notice that Plaintiff intends to use documents produced by Defendant (in this cause in response to discovery requests) against the producing party without the necessity of authentication pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## JURY REQUEST

21. Plaintiff requests the trial of this case by a jury of her peers.

## PRAYER

Plaintiff prays that Defendant, be cited to answer this Original Petition and any amendment thereto and that Plaintiff have judgment against Defendant for the following:

a.    past, present and future medical expenses;

b.    loss of earning capacity, if any;

c.    impairment and disfigurement;

d.    past, present and future emotional distress, pain and suffering;

e.    Unreimbursed expenses related to this incident;

f.    Losses, of any kind, related to the injury at bar; and

g.    All cost of Court and such other and further relief to which Plaintiff may be justly entitled at law or in equity, including punitive damages.

Respectfully submitted,
LAW OFFICE OF PATRICK CHUKELU

By: /s/Pat Chukelu
Patrick O. Chukelu, Esq.
T.B.A. 04241090
9301 S.W. Freeway # 250
Houston, TX 77074
Tel: (713) 270-5533
Fax:(713) 771-8303
Email: Chukelu@gmail.com
**ATTORNEY FOR PLAINTIFF**

**DISCOVERY REQUESTS: Rule 194 Disclosure Requests; Requests For Admission; and Requests for production**

Please take note that the responses to the below-listed discovery requests are due no later than fifty (50) days from the time you are served these requests. The information and documents requested must be provided to Attorney Patrick Chukelu at   9301 Southwest Freeway , suite 250 , Houston, Texas 77074.

**REQUEST FOR DISCLOSURE  FROM DEFENDANT UNDER RULE 194**

Pursuant to Rule 194, of the Texas Rules of Civil Procedure, Defendant is requested to disclose to Plaintiffs' Counsel the information or material listed  in Rule 194.2

**FIRST REQUEST FOR PRODUCTION FROM DEFENDANT**

Defendant is requested to produce below identified documents   to Plaintiff's Counsel at his stated address above, within 50 days of service of this request.

1      Copy of Defendant's Insurance Policy.

2      Copy of Incident Reports of  guest injuries at this Hilton Post Oak receptions in the last ten (10) years, including the Report written on this incident.

3.  Copy of employment file of the Waiter that injured Plaintiff (including any training, and adverse employment action given or taken against  this Waiter).  Included in this request is the Waiter's last known contact address and phone numbers)..

4.      Copy of Defendant's communication with any employee and/or third party about Plaintiffs' claim or injury.

5.      Copy of Defendant's records of safety and   training given to its employees or agents working at the Hilton Post Oak Hotel since the Waiter involved in this incident's employment.

6.      Copy of Defendant's disciplinary action against any employee relating to this incident made the basis of this suit, including any evaluation, reprimands, complaints or deficiencies (   and any government  safety citations against Defendant at this Hotel location in the last 3 years).

7.   Copy of Defendant's Certificate from the City of Houston relating to Food Handling at this Hilton Hotel location..

8.   Copy of Defendant's investigation of the incident made the basis of this lawsuit.

9.   Copy of Defendant's Financial Statements (including: Tax Return, Income Statement, Balance Sheet, Statement of Changes in Financial Conditions and Statement of Retained Earnings) for the last 3 years (we are asking for punitive damages and entitled to this information).

10.   Copy of any statement/record obtained by Defendant or its agent from the Plaintiff and any other person about this incident.

11.      Copy of photographs taken of the incident pertaining to the incident at bar.

12. Copy of the list of all employees working at the wedding Reception event  on the date of the incident at bar.

13. All complaints about coffee burn injuries made to Defendant organization in the last 3 years.

14.   All recordings (audio and/or visual) of Plaintiff's voice and/or image since the incident of April 14, 2018.

15. Copy of all documents relevant to the case at bar.

## PLAINTIFFS' FIRST REQUEST FOR ADMISSION (ADMIT OR DENY   EACH REQUEST)

1. Admit that you were at fault in causing the incident that injured Plaintiffs on April 14, 2018 made the basis of this lawsuit.

2. Admit that you knew the coffee liquid was very hot before your waiter poured it on the Plaintiff.

3. Admit that Plaintiff was injured by the hot coffee poured on her on your premises on April 14, 2018   .

4. Admit that Plaintiff was a customer or invitee at your Hilton Hotel when she was injured on on April 14, 2018

5. Admit that Plaintiff was injured by your waiter.

6. Admit that an award in excess of $100,000.00 will be reasonable compensation for Plaintiff's injuries.

7. Admit that you have no defense against this lawsuit .

8. Admit liability for this incident that injured Plaintiff..

9. Admit that Plaintiff did not adversely contribute to the causation of the incident made the basis of this suit.

10. Admit that Defendant did not adequately train its Waiter that injured the Plaintiff.

11. . Admit that Defendant did not adequately supervise  the Waiter that injured the Plaintiff.

12.   Admit  that Defendant had prior complaints about hot coffee served Hotel guests prior to Plaintiff's injuries.

3/28/2019 3:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32329443
By: ALEX CASARES
Filed: 3/28/2019 3:58 PM

**CAUSE NO. 201911729**

| | | |
|---|---|---|
| JULIET OBIANUJU NWAMEME | * | IN THE DISTRICT  COURT OF |
| | * | |
| | * | |
| VS. | * | HARRIS  COUNTY, TEXAS |
| | * | |
| | * | |
| HILTON WORLDWIDE, INC. | * | |
| d/b/a HILTON HOTEL POST OAK  and | * | |
| a/b/a DOUBLETREE HOTEL POST OAK | * | |
| HILTON MANAGEMENT LLC | * | 80th  JUDICIAL DISTRICT |

## FIRST AMENDED PLAINTIFF'S   ORIGINAL PETITION
## AND
## (ATTACHED:  REQUEST FOR RULE 194 DISCLOSURE, FIRST REQUEST FOR ADMISSION AND FIRST REQUEST FOR PRODUCTION)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Juliet Obianuju Nwameme , hereby amends her Complaint and Original Petition against  Hilton Worldwide, Inc. d/b/a Hilton Hotel Post Oak d/b/a Doubletree Hotel Post Oak (who were improperly named)  and hereby corrects in this amendment the Defendant before the Court to reflect as " Hilton Management LLC", sole Defendant herein, and for cause of action would respectfully show the Court the following:

### PARTIES

1.      Plaintiff, Juliet Obianuju Nwameme, is a  resident of  Fort Bend County, Texas and can be contacted care of attorney of record at Plaintiff's  Counsel's  address at 9301 Southwest Freeway, Suite 250, Houston, Harris County, Texas 77074.

2.      **Defendant, <u>Hilton Management LLC</u>,  is a corporation doing business in Harris County, Texas wherein the cause of action arose and can be served by serving its Attorney (Gina A. Lucero of Lucero & Wollam, PLLC, <u>glucero@lucerowollam.com</u>) pursuant to the Parties' Rule 11 Agreement that**

1

**corrects the misnomer in the prior served  Original Petition.**.

<u>**VENUE AND JURISDICTION**</u>

3.     Defendant's  lack of reasonable care in its operation of its (Houston) Hilton Post Oak Hotel hospitality business on or about April 14, 2018 wherein its employee poured a container of hot coffee on the seated invitee Plaintiff wedding guest, causing plaintiff grave injuries. Venue is proper in Harris County and this Court has Jurisdiction since the amount of damages sought is within the jurisdictional limit of this Court

<u>**DISCOVERY CONTROL PLAN-LEVEL 2**</u>

4.     Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

<u>**RULE 194  DISCLOSURE REQUEST**</u>

5.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or materials described in Rule 194.2 (including all Insurance Coverage and Incident Report completed by Defendant's employee and/or agent on this incident).

<u>**FACTS**</u>

6.   Defendant, Hilton Management LLC (as opposed to  Hilton Worldwide, Inc. d/b/a Hilton Hotel Post Oak d/b/a Doubletree Hotel Post Oak),   is presented  to be the owner and/or operator of the Hilton Hotel Post Oak located at 2001 Post Oak Boulevard in Houston, Texas 77056 wherein Plaintiff was injured.   Defendant advertised and invited the public to come to its Hilton Hotel Post Oak for its economic benefit. On or about April 14, 2018, Plaintiff was invited to attend a wedding anniversary that will be catered for at and by Hilton Hotel Post Oak.

7.   Plaintiff, as an Invitee, was directed to the  designated Reception Hall by Defendant's Staff and duly sat in the arranged banquet table with other wedding

guests.

8.  While Plaintiff was seated at the wedding reception, a Hilton Hotel Post Oak waiter was unconsciously indifferent to the fact that he was carrying a tray of hot coffee, which fell on top of the seated Plaintiff from her head down to the rest of her body. Burned Plaintiff screamed and reacted to the hot liquid burning her flesh. Plaintiff squirmed, hit her head on something (believed to be the table) as she forcefully fell  to the floor in reaction to the burn trauma. Several guests that saw what happened came to her rescue.

9.   Ambulance was called to the scene by guests who helped Plaintiff to the restroom to administer burn, pain and trauma  intervention pending the arrival of paramedics. Plaintiff's elegant wedding clothes were torn-up with scissors in the ensuing intervention at the scene.  Plaintiff also  lost her wedding ring in the chaos.

10.   Plaintiff was taken by Ambulance for further treatment at Memorial Hospital Emergency Room. Plaintiff sought further treatment for her burns, impaired vision, pain management and counseling (among others).

11.   Plaintiff continues to have pains and related medical issues and has permanent injuries, including impaired vision and scar from the injury suffered at the Hilton Hotel facility.

12.   Plaintiff expects future medicals for her continuing pain and suffering. Plaintiff suffered  disfigurement and impairment from this incident .

## NEGLIGENCE AND/OR GROSS NEGLIGENCE   ACTION

13.   Defendant has a duty to not only warn but to protect invitees like the Plaintiff from dangerous condition on its premises. Defendant failed to warn or protect the Plaintiff, which proximately caused Plaintiff's injuries at bar. Defendant knew or should have known of the unreasonably dangerous condition (hot liquid in a room filled with seated guests) at its premises prior to Plaintiff's injury.

14.   Defendant's Waiter  failed to use reasonable care (a duty owed guests) when

carrying hot liquid in a guest-filled banquet hall of a wedding reception. This failure proximately caused the hot coffee to be emptied on the seated Plaintiff, thereby causing Plaintiff's injuries that required medical care and intervention described in preceding paragraphs.

15.    Defendant's Waiter's conscious indifference to the safety of the guests/invitees seated at this wedding reception proximately caused Plaintiff's injuries for which exemplary damages are applicable..

16. Defendant failed to properly train and/or supervise its employee waiter involved in the incident that injured Plaintiff.  .

17.   Defendant is responsible for the unreasonable and wanton conduct of its waiter-employee for which Defendant should be held liable since it occurred during the scope of the employee's duty in furtherance of Defendant's economic enterprise..

18.    Defendant  should be held liable to the Plaintiff and to the extent that Defendant is deemed reckless and wantonly in disregard of its Invitee's safety, punitive damages are requested for its reckless or intentional disregard of its Invitee's safety.

## DAMAGES

19..       Plaintiff has suffered damages as a result of Defendant's wrongful conduct and breach of duty owed Plaintiff  (an Invitee) to its Hilton Hotel. Plaintiff seeks recovery of its incurred and paid medicals, pain, suffering and disfigurement (among all the damages accruing from this incident). Plaintiff seeks damages exceeding the minimum jurisdictional limit amount in this Court and any other damages that Plaintiff may be deemed entitled for Defendant's  unreasonable (negligent and/or reckless) conduct plus punitive damages.

## TRCP 193.7 NOTICE

20.      Please take notice that Plaintiff intends to use documents produced by Defendant (in this cause in response to discovery requests) against the producing party without the necessity of authentication pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

4

## JURY REQUEST

21.     Plaintiff requests the trial of this case by a jury of her peers.

## PRAYER

Plaintiff prays that Defendant, be cited to answer this Original Petition and any amendment thereto and that Plaintiff have judgment against  Defendant for the following:

    a.      past, present and future medical expenses;

    b.      loss of earning capacity, if any**;**

    c.      impairment and disfigurement;

    d.      past, present and future emotional distress, pain and suffering;

    e.      Unreimbursed expenses related to this incident;

    f.      Losses, of any kind,  related to the injury at bar; and

    g.      All cost of Court and such other and further relief to which Plaintiff  may be justly entitled at law or in equity, including punitive damages.


                    Respectfully submitted,
            LAW OFFICE OF PATRICK CHUKELU

                    By: /s/*Pat Chukelu*
                    Patrick O. Chukelu, Esq.
                    T.B.A. 04241090
                    9301 S.W. Freeway # 250
                    Houston, TX 77074
                    Tel: (713) 270-5533
                    Fax:(713) 771-8303
                    Email: Chukelu@gmail.com
                    **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that, on March 28, 2019, I e-served a true and correct copy of the foregoing Plaintiff's First Amended Original Petition along with the attached Discovery Requests on counsel of record for the Defendant **(Gina A. Lucero of Lucero & Wollam, PLLC, glucero@lucerowollam.com)**  in accordance with the Texas Rules of Civil Procedure and pursuant to the Parties' Rule 11 Agreement that the properly named Defendant be served by email through Attorney Lucero).


*/s/ Patrick Chukelu*


## DISCOVERY REQUESTS: Rule 194 Disclosure Requests; Requests For Admission; and Requests for production

Please take note that the responses to the below-listed discovery requests are due no later than fifty (50) days from the time you are served these requests. The information and documents requested must be provided to Attorney Patrick Chukelu at  9301 Southwest Freeway , suite 250 , Houston, Texas 77074.


## REQUEST FOR DISCLOSURE  FROM DEFENDANT UNDER RULE 194

Pursuant to Rule 194, of the Texas Rules of Civil Procedure, Defendant is requested to disclose to Plaintiff's Counsel the information or material listed  in Rule 194.2

**FIRST REQUEST FOR PRODUCTION FROM DEFENDANT**

Defendant is requested to produce below identified documents to Plaintiff's Counsel at his stated address above, within 50 days of service of this request.

1    Copy of Defendant's Insurance Policy.

2    Copy of Incident Reports of guest injuries at this Hilton Post Oak receptions in the last ten (10) years, including the Report written on this incident.

3.   Copy of employment file of the Waiter that injured Plaintiff (including any training, and adverse employment action given or taken against this Waiter). Included in this request is the Waiter's last known contact address and phone numbers)..

4.    Copy of Defendant's communication with any employee and/or third party about Plaintiffs' claim or injury.

5.    Copy of Defendant's records of safety and  training given to its employees or agents working at the Hilton Post Oak Hotel since the Waiter involved in this incident's employment.

6.    Copy of Defendant's disciplinary action against any employee relating to this incident made the basis of this suit, including any evaluation, reprimands, complaints or deficiencies (  and any government  safety citations against Defendant at this Hotel location in the last 3 years).

7.   Copy of Defendant's Certificate from the City of Houston relating to Food Handling at this Hilton Hotel location..

8.   Copy of Defendant's investigation of the incident made the basis of this lawsuit.

9.  Copy of Defendant's Financial Statements (including: Tax Return, Income Statement, Balance Sheet, Statement of Changes in Financial Conditions and Statement of Retained

Earnings) for the last 3 years (we are asking for punitive damages and entitled to this information).

10.    Copy of any statement/record obtained by Defendant or its agent from the Plaintiff and any other person about this incident.

11.      Copy of photographs taken of the incident pertaining to the incident at bar.

12. Copy of the list of all employees working at the wedding Reception event  on the date of the incident at bar.

13. All complaints about coffee burn injuries made to Defendant organization in the last 3 years.

14.   All recordings (audio and/or visual) of Plaintiff's  voice and/or image  since the incident of April 14, 2018.

15.  Copy of all documents  relevant to the case at bar.

**<u>PLAINTIFF'S  FIRST REQUEST FOR ADMISSION (ADMIT OR DENY    EACH REQUEST)</u>**

1.   Admit that you were at fault in causing the incident that injured Plaintiff  on April 14, 2018  made the basis of this lawsuit.

2.   Admit that you knew the coffee liquid was very hot before your waiter poured it on the Plaintiff.

3.   Admit that Plaintiff was injured by the hot coffee poured on her on your premises on April 14, 2018   .

8

4.  Admit that Plaintiff was a customer or invitee at your Hilton Hotel when she was injured on on April 14, 2018

5.  Admit that Plaintiff  was  injured by your waiter.

6.  Admit  that  an  award  in  excess  of  $100,000.00  will  be  reasonable compensation for  Plaintiff's injuries.

7.  Admit that you have no defense against this lawsuit .

8.  Admit  liability for this  incident that injured Plaintiff.

9.   Admit  that  Plaintiff  did  not  adversely  contribute  to  the  causation  of  the incident made the basis of this suit.

10. Admit  that  Defendant  did  not  adequately  train  its  Waiter  that  injured  the Plaintiff.

11. .  Admit that Defendant did not adequately supervise  the Waiter that injured the Plaintiff.

12.  Admit  that Defendant had prior complaints about hot coffee served Hotel guests prior to Plaintiff's injuries.

CAUSE NO. 2019-11729

| | | |
|---|---|---|
| JULIET OBIANUJU NWAMEME | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| HILTON WORLDWIDE INC. D/B/A HILTON | § | |
| HOTEL POST OAK and D/B/A DOUBLETREE | § | |
| HOTEL POST OAK | § | 80TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, HILTON MANAGEMENT, LLC, files this Original Answer to the Plaintiff's First Amended Petition and would respectfully show the Court the following:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all allegations contained in the *Plaintiff's First Amended Petition*, and in any amended or supplemental petitions which may be filed by Plaintiff after this date, and respectfully requests that Plaintiff be required to prove her allegations against Defendant by a preponderance of the evidence.

2.      Defendant respectfully reserves the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

### RIGHT TO CREDIT/PROPORTIONATE RESPONSIBILITY

3.      Answering further, without waiving the foregoing, Defendant asserts entitlement to reduce the amount of damages to be recovered by the claimant to the fullest extent allowed by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code and Defendant asserts its right to have each claimant, settling person and responsible third party submitted to the jury to determine percentages of responsibility for those causing or contributing to the damages sought.

## DEFENSES TO ECONOMIC DAMAGES

4.      Answering further, without waiving the foregoing, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded, if claimed, and limits recovery of medical expenses to the amount actually paid by or on behalf of the Plaintiff. Section 41.0105 not only limits the Plaintiff's recovery but also precludes evidence of expenses that neither the Plaintiff nor anyone acting on her behalf paid or are actually liable for paying. *Aaron Glenn Haygood v. Margarita Garza De Escabedo*, Dkt. 09-0377, (Tex. July 1, 2011), *affirming De Escabedo v. Haygood*, 283 S.W.3d 3 (Tex. App.—Tyler 2009).

5.      Answering further, without waiving the foregoing, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity, if made, to net loss after federal income tax. TEX. CIV. PRAC. & REM. CODE ANN. §18.091.

## DEMAND FOR JURY TRIAL

6.      Defendant respectfully demands a jury trial of all issues in this cause pursuant to Tex. R. Civ. P. 216. Defendant hereby tenders the appropriate fee to the clerk of the court.

## PRAYER

WHEREFORE, Defendant, Hilton Management, LLC, prays that:

a.      Plaintiff take nothings by this suit and Plaintiff be discharged with her costs;

b.      On final hearing of Plaintiff's claims, the claims against Defendant be dismissed with prejudice; and

c.      Defendant recovers all costs, together with such other relief, both general and special, to which it may be justly entitled.

2

Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

By: _____

GINA A. LUCERO
TBN: 00791144
1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com

**ATTORNEY FOR DEFENDANT
HILTON MANAGEMENT, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2019 a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Tex.R.Civ.P. Rule 21a.

Patrick O. Chukelu
Law Office of Patrick Chukelu
9301 S.W. Freeway, Suite 250
Houston, TX 77074

_____
GINA A. LUCERO

CAUSE NO. 2019-11729

| | | |
|---|---|---|
| JULIET OBIANUJU NWAMEME | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| HILTON WORLDWIDE INC. D/B/A HILTON | § | |
| HOTEL POST OAK and D/B/A DOUBLETREE | § | |
| HOTEL POST OAK | § | 80TH JUDICIAL DISTRICT |

## DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, HILTON MANAGEMENT LLC, files this First Amended Answer to the Plaintiff's First Amended Petition and would respectfully show the Court the following:

## GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all allegations contained in the *Plaintiff's First Amended Petition*, and in any amended or supplemental petitions which may be filed by Plaintiff after this date, and respectfully requests that Plaintiff be required to prove her allegations against Defendant by a preponderance of the evidence.

2.     Defendant respectfully reserves the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

## RIGHT TO CREDIT/PROPORTIONATE RESPONSIBILITY

3.     Answering further, without waiving the foregoing, Defendant asserts entitlement to reduce the amount of damages to be recovered by the claimant to the fullest extent allowed by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code and Defendant asserts its right to have each claimant, settling person and responsible third party submitted to the jury to determine percentages of responsibility for those causing or contributing to the damages sought.

## DEFENSES TO ECONOMIC DAMAGES

4.      Answering further, without waiving the foregoing, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded, if claimed, and limits recovery of medical expenses to the amount actually paid by or on behalf of the Plaintiff. Section 41.0105 not only limits the Plaintiff's recovery but also precludes evidence of expenses that neither the Plaintiff nor anyone acting on her behalf paid or are actually liable for paying. *Aaron Glenn Haygood v. Margarita Garza De Escabedo*, Dkt. 09-0377, (Tex. July 1, 2011), *affirming De Escabedo v. Haygood*, 283 S.W.3d 3 (Tex. App.—Tyler 2009).

5.      Answering further, without waiving the foregoing, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity, if made, to net loss after federal income tax. TEX. CIV. PRAC. & REM. CODE ANN. §18.091.

## DEMAND FOR JURY TRIAL

6.      Defendant respectfully demands a jury trial of all issues in this cause pursuant to Tex. R. Civ. P. 216. Defendant hereby tenders the appropriate fee to the clerk of the court.

## PRAYER

WHEREFORE, Defendant, Hilton Management LLC, prays that:

a.      Plaintiff take nothings by this suit and Plaintiff be discharged with her costs;

b.      On final hearing of Plaintiff's claims, the claims against Defendant be dismissed with prejudice; and

c.      Defendant recovers all costs, together with such other relief, both general and special, to which it may be justly entitled.

2

Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

By: _____

GINA A. LUCERO
TBN: 00791144
1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com

**ATTORNEY FOR DEFENDANT
HILTON MANAGEMENT LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of April, 2019 a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Tex.R.Civ.P. Rule 21a.

Patrick O. Chukelu
Law Office of Patrick Chukelu
9301 S.W. Freeway, Suite 250
Houston, TX 77074

_____
GINA A. LUCERO

3

**Harris County Docket Sheet**

# 2019-11729

**COURT:**   080th

**FILED DATE:**   2/15/2019

**CASE TYPE:**   Other Injury or Damage



### NWAMEME, JULIET OBIANUJU

Attorney: CHUKELU, PATRICK O.

### vs.

### HILTON WORLDWIDE INC (D/B/A HILTON HOTEL POST OAK)

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Unofficial Copy Office of Marilyn Burgess District Clerk